UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 01-4921

ERIC TYRONE JUDKINS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Jerome B. Friedman, District Judge.
(CR-10-42-1)

Submitted: June 19, 2002

Decided: July 2, 2002

Before WIDENER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William P. Robinson, Jr., ROBINSON, NEELY & ANDERSON,
Norfolk, Virginia, for Appellant. Paul J. McNulty, United States
Attorney, Matthew W. Hoffman, Special Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Eric Tyrone Judkins pleaded guilty to one count of possession with intent to distribute cocaine base. In his plea agreement, Judkins reserved his right to appeal the denial of his motion to suppress evidence seized incident to a traffic stop. We conclude that the traffic stop was valid under the Fourth Amendment, and we therefore affirm.

At the suppression hearing, Darren Flythe, a detective in Newport News, Virginia, testified that he was riding in an unmarked police car with two other officers when he observed a pink Mazda van. Another officer remarked that he had heard that a van matching that description was connected to the Pagans, an outlaw motorcycle gang, and was being used to transport drugs between Newport News and Windsor, Virginia. Flythe called in the van's tag number. The dispatcher checked motor vehicle records and informed Flythe that the tags belonged to a white Mazda van. Flythe testified that it was his understanding that it is a violation of Virginia's traffic laws to incorrectly identify the color of a vehicle when registering the vehicle with the Department of Motor Vehicles. Further, he stated that he had previously stopped other vehicles because the color was incorrectly identified. Additionally, Flythe testified that, based on his experience, the occupants of vehicles bearing license plates that are registered to different vehicles often are involved in criminal activity.

Flythe called for back-up. Marked vehicles came to the scene, and at least one marked police car activated its emergency lights. Judkins, who was driving the pink van, pulled over for several seconds, then sped away. Ultimately, he and his passenger bailed out of the van and were apprehended. Judkins moved to suppress evidence seized during the ensuing search.

The district court denied the motion to suppress. The court found that Flythe had reason to believe that Judkins had committed a traffic

infraction and that the stop was justified under the Fourth Amendment.

We review de novo the ultimate ruling on a suppression motion and review factual findings underlying that ruling for clear error. *United States v. Simons*, 206 F.3d 392, 398 (4th Cir. 2000). Applying the principles of *Terry v. Ohio*, 392 U.S. 1 (1968), we conclude, based on a totality of the circumstances, that the stop at issue here was consistent with the Fourth Amendment. We note in particular that Flythe reasonably believed that the color of the van was improperly registered, in violation of Va. Code Ann. § 46.2-604 (Michie Supp. 2001), and that this constituted an infraction of Virginia law, *see* Va. Code Ann. § 46.2-113 (Michie 1998), warranting the initiation of a *Terry* stop. *See United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993). We conclude that the district court correctly denied the suppression motion.

We accordingly affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*